deductions and additional benefits for F.I.C.A., taxes and retirement.

(No. 78-CC-1682 — )

THOMAS ESKER, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1979.*

PER CURIAM.

The report of the Department of Revenue confirms the facts alleged by the Claimant, and the Attorney General stipulates to the facts and the law as it relates to this claim as follows:

"This is a claim for 15 percent premium pay to a Department of Revenue auditor for out-of-state travel for the pay period June 1 to June 15, 1978. According to rules and regulations of the Department in effect at the time of the rendering of the services the Claimant was entitled to a premium pay of 15 percent of the base pay for out-of-state travel. Claimant has been paid the base pay but was not paid this premium pay at the time of the processing of the payroll vouchers for the period in question. The question presented here is whether the payment of the premium pay at this time, in view of the fact that the Claimant has already been paid and accepted the standard rate of pay for the period in question, would amount to a violation of the prohibition contained in Ch. 127, para. 145 (Section 9 of the "Finance Act").

The prohibition in Section 9 of the "Finance Act" is as follows:

'*Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee* from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, *which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement* between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed.' (emphasis added)

This case is analygous to the case of *Claire Crawford v. State of Illinois, 32 Ill. Ct. Cl.___,* in which this Court granted an award to the Claimant where the Claimant had been misallocated and was paid for the payroll period in question at the lower allocation rate. The Court in *Claire Crawford, supra* held that where an employee is erroneously allocated to a lower paying position than his duties call for, he is being erroneously paid too low a salary and has, therefore, not been previously paid for services performed. Inasmuch as he was not previously paid for the services performed but only paid at a lower rate they held that this was not a violation of para. 145 inasmuch as remuneration had not already been made for the work performed.

The same is true here inasmuch as the duties included travel out-of-state for which payment was not made. It is, therefore, this writer's opinion that para. 145 would not be violated by the additional payment of the 15 percent premium."

This Court agrees with the position stated by the Attorney General.

Claimant is, therefore, granted an award in the amount of $34.12 with appropriate withholdings, deductions and additional benefits for F.I.C.A., taxes and retirement.